IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TENNA R. ADAMS, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:12-cv-1799-O-BN |
| WELLS FARGO BANK, N.A., ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Plaintiff Tenna R. Adams, proceeding *pro se*, filed a "Verified Amended Application for Temporary Restraining Order and [Permanent] Injunction and Application of Bill of Review Rescission of Forcible Entry and Detainer Due to Extrinsic Fraud and Hardship" in the 298th District Court of Dallas, naming Wells Fargo Bank, N.A. ("Wells Fargo") as the defendant. Dkt. No. 1-21 ("Complaint"). Plaintiff complains about a forcible entry and detainer action to evict her from her residence at 7318 Elderberry Lane, Dallas, Texas 75249, after Wells Fargo purchased the property at a non-judicial foreclosure sale. *See id.* at 64-65, 67-69. In her Complaint, Plaintiff refers to wrongful foreclosure, fraud, misrepresentation, and Wells

Fargo's "unlawful debt." Plaintiff seeks both a temporary and permanent injunction enjoining Wells Fargo from evicting her from her residence. *See id.* at 63-65.

Wells Fargo removed the case to federal district court, *see* Dkt. No. 1, and then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. No. 11. The Court denied the motion to dismiss without prejudice and gave Plaintiff the opportunity to file an amended complaint, without leave of court, by July 16, 2012. *See* Dkt. No. 12. Plaintiff did not do so.

On September 19, 2012, Wells Fargo filed a motion to reurge its motion to dismiss. *See* Dkt. No. 17. The Court ordered Plaintiff to file a response to the motion to dismiss by October 23, 2012. *See* Dkt. No. 18. Again, Plaintiff failed to do so.

Wells Fargo's Rule 12(b)(6) motion is ripe for determination. The undersigned recommends that Well Fargo's motion to dismiss should be granted without prejudice to Plaintiff's filing an amended complaint.

## Legal Standards and Analysis

*Improper Joinder of Dallas County Clerk*

Before proceeding to the arguments raised by Wells Fargo's motion to dismiss, the Court must determine whether Dallas County Clerk John Warren should be disregarded as an improperly joined defendant for purposes of diversity jurisdiction, as Wells Fargo asserted in its Notice of Removal. *See* Dkt. No. 1 at 4-5. In her initial pleading in state court, Plaintiff named Warren and Justice of the Peace Thomas Jones as defendants in addition to Wells Fargo. *See* Dkt. No. 1-5. Plaintiff does not mention either Judge Jones or the Dallas County Clerk in her amended pleading. *See* Dkt. No.

2

1-21. She subsequently dismissed her claims against Judge Jones without prejudice, *see* Dkt. No. 15 – and therefore, at this point, there is no need to analyze the effect on this Court's jurisdiction of Judge Jones's being named as a defendant, *see Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004); *Weaver v. Murry*, No. 06-595, 2006 WL 1968912, at *1 (E.D. La. June 21, 2006).

However, in the interest of justice, the undersigned will presume that Plaintiff, who is proceeding *pro se*, did not intend to dismiss her claims against the Dallas County Clerk in her amended pleading. Therefore, as a threshold issue, the undersigned must determine whether the Dallas County Clerk was properly joined.

A defendant alleging improper joinder has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc) (describing the "heavy burden" on the party asserting improper joinder and noting that, "until the removing party [proves the joinder was improper], the court does not have the authority to do more" and "lacks the jurisdiction to dismiss the case on its merits"). Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573. Ordinarily, the court must conduct a Rule 12(b)(6)-type analysis, examining the allegations in the complaint to determine whether the plaintiff

has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary injury." *Id.* But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74.

No summary inquiry is required in this case because it is apparent on the face of Plaintiff's state court pleading that her claim against the Dallas County Clerk fails as a matter of law. In Texas state court, court clerks have official immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion. *See Pease v. Principal Residential Mortg., Inc.*, No. 03-02-491-CV; 2004 WL 1065639, at *4 (Tex. App. – Austin May 13, 2004, no writ). "When judges delegate their authority or appoint persons to perform services for the court, their judicial immunity may follow that delegation or appointment." *Hawkins v. Walvoord*, 25 S.W.3d 882, 891 (Tex. App. – El Paso 2000, pet. denied). "In Texas, judicial immunity applies to officers of the court who are integral parts of the judicial process, such as a prosecutor performing typical prosecutorial functions, court clerks, law clerks, bailiffs, constables issuing writs, and court-appointed receivers and trustees," and "[t]he key consideration in determining whether an officer is entitled to judicial immunity is whether the officer's conduct is a normal function of the delegating or appointing judge." *Id.* Here, after purchasing the property at a non-judicial

4

foreclosure sale, Wells Fargo obtained from Dallas County Court at Law Number 3 a forcible detainer judgment against Plaintiff that entitled Wells Fargo to possession of the premises. *See* Dkt. No. 1-21 at 6. Pursuant to that judgment, a writ of possession was issued by the Dallas County Clerk. *See id.* at 7. Because the Dallas County Clerk was performing duties required under court order, he would be entitled to absolute immunity in Texas state court. *See Hawkins*, 25 S.W.3d at 891 ("Moreover, as an officer of the court who played an integral part of the judicial process, this same analysis applies to Painter, who arrested and placed Hawkins in the county jail on two separate occasions, pursuant to facially valid judicial orders."); *Pease*, 2004 WL 1065639, at *4.

Therefore, Plaintiff would be unable to establish a cause of action against this non-diverse party in state court, and Dallas County Clerk John Warren should be dismissed from this lawsuit. *See Larroquette*, 466 F.3d at 376; *Crockett*, 436 F.3d at 532.

*Failure to State a Claim*

In the motion to dismiss, Wells Fargo asserts that Plaintiff fails to state a claim upon which relief can be granted. Wells Fargo asserts: "Specifically, Plaintiff appears to seek injunctive relief and makes vague claims of fraud and misrepresentation. However, Plaintiff fails to state any factual allegations or recognized causes of action against Wells Fargo. Therefore, Wells Fargo has not been given adequate notice of the nature of the claims against it, nor the specific conduct of Wells Fargo that Plaintiff challenges." Dkt. No. 17 at 2. The Court agrees that Plaintiff has not plead enough facts to state a claim to relief that is plausible on its face.

5

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

Construing Plaintiff's allegations as best the Court can understand them, and

viewing them in the light most favorable to Plaintiff, it seems that Plaintiff asserts the foreclosure was wrongful because Plaintiff was under duress and experiencing financial and medical hardships. *See* Dkt. No. 1-21. She further asserts that Wells Fargo "has infringed on individual rights through and by fraud." Plaintiff also has a separate paragraph titled "Fraud and Misrepresentation." Plaintiff makes an unintelligible statement referring to probate, trusts and estates, and social security. She also refers to the "unlawful debt" of Wells Fargo.

None of Plaintiff's factual allegations in her original or amended state court petitions, *see* Dkt. Nos. 1-5 & 1-21, can be construed to adequately state a plausible claim for relief. Furthermore, nowhere in either pleading does Plaintiff state any facts supporting any alleged causes of action, nor does she include any reference to any of the elements of any causes of action in her amended pleading. While a formulaic recitation of a claim's elements – as Plaintiff included at points in her original state court petition, *see* Dkt. No. 1-5 – does not satisfy Rule 8(a), merely stating the name of a potential cause of action, without more, certainly does not meet Rule 8(a)'s plausibility standard. *See Iqbal*, 556 U.S. at 678, 681.

Plaintiff seems to claim that the foreclosure which led to her potential eviction was wrongful. *See* Dkt. No. 1-21. In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012). To prevail on such a claim Plaintiff must prove: (1) a defect in foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3)

7

a causal connection between the defect and the grossly inadequate selling price. *See id.* But recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Id.* Plaintiff alleges no facts to support such a cause of action.

Similarly, Plaintiff repeatedly invokes causes of action for fraud and asserts that Wells Fargo does not have a "right" to its claims, which are not "lawful." Dkt. Nos. 1-5 & 1-21. However, Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Texas state law fraud claims are subject to this requirement. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010); *see also Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) ("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims."); *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 3:08-cv-140-B, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008) ("Rule 9(b) applies to statutory fraud cases, including those arising under Texas Business and Commerce Code section 27.01, and claims of common-law fraud." (citing cases)). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Id.* at 551 (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). Here, Plaintiff has not specified any statements or representations that Wells Fargo made that she contends are fraudulent, nor has she identified the speaker or

8

indicated when and where any fraudulent statements or representations were made. *See id.* At this stage, any fraud claims that Plaintiff may be raising are nothing more than generalized complaints.

Likewise, in her initial pleading Plaintiff makes passing reference to "negligence and intentional misrepresentation," but she does not state any facts supporting those causes of action. Dkt. No. 1-5 at 19. "Under Texas law, 'the elements of a negligence claim are (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach.'" *Roubinek v. Select Portfolio Servicing Inc.*, No. 3:1-cv-3481-D, 2012 WL 2358560, at *3 (N.D. Tex. June 21, 2012) (quoting *IHS Cedars Treatment Ctr. of DeSoto, Tex. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). The elements of a claim for negligent misrepresentation are a false representation made for the guidance of others who rely on it and suffer damage. *Washington v. U.S. Dep't of Hous. & Urban Dev.*, 953 F.Supp. 762, 769-70 (N.D. Tex. 1996). The elements required to prove intentional misrepresentation are the same as those to prove fraud. *Id.* at 770. Plaintiff fails to state any facts showing that Wells Fargo breached any duty it may have owed to her or, as discussed above, made any statement, much less a false representation upon which she relied to her detriment.

While *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, a plaintiff must nonetheless satisfy the basic pleading principles stated above. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."); *see also Morgan v. Texas*, 251 F. App'x 894, 895 n.1

(5th Cir. 2007) ("While we are to construe *pro se* pleadings liberally, conclusory allegations or legal conclusions masquerading as factual conclusions are not sufficient to prevent dismissal."). Wells Fargo's motion to dismiss should be granted.

*Opportunity to Amend*

Notwithstanding Plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* parties several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-cv-1975-D, 2008 WL 398314, at *1 (N.D. Tex. 2008); *see also Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (noting that dismissing an action with prejudice after giving the plaintiff only one opportunity to state a claim is ordinarily unjustified). Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States,* 66 F.3d 95, 98 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Plaintiff, despite being given opportunities to do so, has failed to amend her complaint or respond to the motion to dismiss. However, it does not appear that Plaintiff has pled her best case and Plaintiff obviously did not plead her claims with the federal pleading standards in mind. Thus, Plaintiff should be accorded another opportunity to amend her complaint to sufficiently state a claim for relief.

## Recommendation

The Court should dismiss Dallas County Clerk John Warren from this lawsuit as an improperly joined defendant. The Court should grant Wells Fargo's motion to dismiss [Dkt. Nos. 11 & 17] without prejudice to Plaintiff filing an amended complaint. In light of Plaintiff's *pro se* status, and because it might be possible for Plaintiff to cure the defects that the Court has identified and state a claim for which relief could be granted, the Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2013

                                                _____
                                                DAVID L. HORAN
                                                UNITED STATES MAGISTRATE JUDGE